JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER, <br><br> Plaintiff, <br><br> v. <br><br> THE HUMMUS FACTORY, INC., *et al.* <br><br> Defendants. | Case No.: CV 20-02016-CJC(JEMx) <br><br><br> **ORDER GRANTING MOTION TO DISMISS [Dkt. 12]** |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Brian Whitaker filed this action against Defendant, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 [Complaint, hereinafter "Compl."].) Plaintiff, a paraplegic who uses a wheelchair for mobility, alleges that he visited Defendant's store in January 2020. (*Id*. ¶¶ 1, 8.) There, he allegedly encountered dining surfaces that did not comply with

ADA accessibility standards. (*Id.* ¶¶ 8–18.) The Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim on March 18, 2020. (Dkt. 11.)

On April 2, 2020, Defendant filed a motion to dismiss for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 12.) Plaintiff's response to the motion was due on April 13, 2020, but no response has been filed. For the following reasons, Defendant's motion to dismiss is **GRANTED**.[1]

## II. DISCUSSION

Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Having weighed these factors, the Court finds that on balance, they favor dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999). And "it is incumbent upon the Court to manage its docket without being subject to routine

---

[1] The Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 4, 2020, at 1:30 p.m. is hereby vacated and off calendar.

noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642.  Plaintiff is a savvy litigant who frequently pursues ADA claims in federal court.  His opposition to Defendant's motion to dismiss was due on April 13, 2020, yet nothing has been filed.  Plaintiff's unexplained failure to respond interferes with the Court's ability to manage its docket and Defendants' ability to resolve this action.

Turning to the remaining factors, there is a rebuttable presumption of prejudice to defendants when a plaintiff delays prosecution of an action.  *See In re Eisen,* 31 F.3d 1447, 1452–53 (9th Cir. 1994).  The public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant has complied with the statutory obligations imposed under Rule 11(b) and has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012).  Here, Plaintiff has not shown diligence in prosecuting his claims, and dismissal of the action is the appropriate sanction.  Though the Court has considered the availability of less drastic alternatives, it finds that such alternatives are not appropriate here in light of the remaining four factors.

**III.  CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED.** Plaintiff's ADA claim is **DISMISSED WITH PREJUDICE.**

DATED:  April 16, 2020

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE